

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICHOLAS HONCHARIW, Trustee,
Honchariw Family Trust,

        Plaintiff-Appellant,

v.

COUNTY OF STANISLAUS; BOARD
OF SUPERVISORS OF COUNTY OF
STANISLAUS,

        Defendants-Appellees.

No. 21-15801

D.C. No.
1:16-cv-01183-DAD-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 17, 2022[**]
San Francisco, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[***] District Judge.

Plaintiff Nicholas Honchariw appeals from the district court's grant of judgment on the pleadings to Defendants County of Stanislaus ("County") and Board of Supervisors of County of Stanislaus ("Board"). Plaintiff claims that the Board effected a taking of his property and denied him due process in violation of the Fifth Amendment when it denied his application to subdivide his property in 2009.

Following the denial of his application, Plaintiff successfully obtained relief in a state court mandamus action in 2011. *See Honchariw v. Cty. of Stanislaus*, 200 Cal. App. 4th 1066 (2011). He obtained administrative approval of his application in 2012 and filed a new state court action for inverse condemnation that the California Court of Appeal held was time barred. *See Honchariw v. Cty. of Stanislaus*, 238 Cal. App. 4th 1, 15 (2015). He then brought the instant takings and due process claims in federal court on August 10, 2016.

We previously held that Plaintiff's takings claim is unripe and that his due process claim is time barred. *Honchariw v. Cty. of Stanislaus*, 715 Fed. Appx. 760 (9th Cir. 2019). Plaintiff petitioned for a writ of certiorari and, while the petition

---

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

2

was pending, the Supreme Court decided *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019). The Court subsequently granted Plaintiff's petition, vacated our judgment, and remanded the case for further consideration in light of *Knick*. *Honchariw v. Cty. of Stanislaus*, 139 S. Ct. 2772 (2019). We remanded to the district court. *Honchariw v. Cty. of Stanislaus*, 774 Fed. Appx. 411 (9th Cir. 2019). The district court held that Plaintiff's takings claim is time barred, and again held that his due process claimed is time barred. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's grant of judgment on the pleadings. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1053 (9th Cir. 2011). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)). We "need not accept conclusory allegations of law or unwarranted inferences." *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007). We "may affirm on any ground supported by the record, even if it differs from the reasoning of the district court." *Garcia v. Bunnell*, 33 F.3d 1193, 1195 (9th Cir. 1994).

Plaintiff argues that neither claim ripened until the approval of his application in 2012 because the approval was the Board's final decision concerning his property. With respect to Plaintiff's takings claim, the challenged deprivation of the use of his property occurred when the Board denied his application, not when the Board subsequently approved it. In *Knick v. Township of Scott*, the Supreme Court reaffirmed that a takings claim accrues immediately upon a taking and held that it is ripe for federal review at that time. 139 S. Ct. 2162, 2172-73 (2019). The Court more recently reiterated that a decision is final for purposes of accrual when "[Plaintiff] has actually 'been injured by the Government's action' and is not prematurely suing over a hypothetical harm." *Padkel v. City and Cty. of San Francisco, California*, 141 S. Ct. 2226, 2230 (2021) (quoting *Horne v. Dep't of Agriculture*, 569 U.S. 513, 525 (2013)).

The decision that allegedly injured Plaintiff was the 2009 denial and not the subsequent 2012 approval that remedied the alleged injury. The same analysis applies to Plaintiff's due process claim, which also accrued when his application was denied in 2009, and not when the 2012 approval eliminated the purported violation.

Because Plaintiff's claims accrued when the Board denied his application on March 24, 2009, his federal suit, filed August 10, 2016, was untimely under the

applicable two-year statute of limitations. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("[C]laims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years."). While the district court erred in holding that the claims accrued when the Board approved his application on May 22, 2012, it correctly held that the claims are time barred.

**AFFIRMED.**